## SUPREME COURT.

ELIAS DEWEY agt. CORNELIUS S. WARD and others.

Two equitable causes of action, constituting what would have been, under the old practice, a "*bill for partition*," and a "*creditor's bill*," cannot now be united in the same complaint.

*Albany General Term, May,* 1855.

*Present,* PARKER, WRIGHT and HARRIS, *Justices.*

APPEAL from order overruling demurrer to complaint.

The complaint stated that Samuel Ward died on the 11th of March, 1850, seized of a farm in the town of Jefferson, in the county of Schoharie, containing one hundred and eighty-one acres; that he left a widow, Eleanor Ward, him surviving, and four infant children, Chapman S. Ward, Polly Ward, Cornelius S. Ward and Joel Ward, in whom his real estate vested, subject to the right of dower of the widow; that the farm was worth not more than ten or twelve hundred dollars, and that the personal estate was of but little value, and the debts against the estate amounted to between eight and fourteen hundred dollars; that the family continued to reside upon the farm after the death of Samuel Ward, the widow managing the business until Chapman S. Ward, the eldest son, became of age, and after that, he and his mother continued to carry on the business together; that they made valuable and permanent improvements upon the farm, consisting of a dwelling-house, wood-house and other buildings thereto attached; that they constructed a large amount of stone-wall and other fence, and made other improvements, so that the property had come to be worth from $3,000 to $3,500; that during the same time the widow and Chapman had paid the debts of the estate, and all taxes and assessments upon the property, and had supported the two youngest of the children, Cornelius and Joel, defraying the expenses of their education, clothing, &c.; that to enable them to do all this, they had borrowed money from time to time upon their own personal responsibility, and, among other persons, had borrowed

money of the plaintiff, at various times, until the 3d day of May, 1850, when their indebtedness to him amounted to $2,000 and more; that Polly Ward, one of the children, after she became of age, and before the last-mentioned date, had conveyed her share of the farm to her brother Chapman S. Ward; that on the 3d of May, 1850, the plaintiff loaned to Eleanor Ward, the widow, and Chapman S. Ward, the further sum of $600, to enable them to pay off the debts still outstanding against them, and took from them their bond for $2,600, secured by a mortgage executed by them upon the farm; that default having been made in the performance of the condition of the bond, an action to foreclose the mortgage was commenced in January, 1852, and on the 30th of April, in the same year, the usual judgment of foreclosure was obtained, the amount then due being $2,747.89, besides costs; that the interest of the mortgagors in the farm was sold under the judgment of foreclosure, on the 11th of August, 1852, and was purchased by the plaintiff for the sum of $1,700, and the plaintiff received a deed of the premises from the referee appointed to make the sale ; that the deficiency reported due upon the judgment, after applying the proceeds of the sale, was $1,124.35, for which sum the plaintiff became entitled to issue execution against the defendants in that action; that the plaintiff, as such purchaser, was let into the possession of the premises.

It was further stated in the complaint, that no partition or division of the farm had been made among the owners, and that there had been no accounting between the widow and Chapman, and Cornelius and Joel, in respect to the improvements, payments and expenditures above mentioned; that the widow and Joel Ward still continued to reside upon the premises; that the dower of the widow had never been assigned to her, and it was charged that either she or the plaintiff was entitled to have the same assigned. It was further alleged, that by reason of the premises Cornelius Ward and Joel Ward were largely indebted to Eleanor and Chapman S. Ward, for which indebtedness they were entitled to an equitable lien upon their shares of the farm.

The relief asked for in respect to this branch of the complaint is, that an accounting for the benefit of the plaintiff may be had as between Eleanor and Chapman S. Ward, and Cornelius and Joel Ward, in respect to the payment of the debts against the estate, and the improvements, expenditures, support, maintenance and other matters mentioned in the complaint, and that the amount found due from them be declared to be an equitable charge upon the shares of Cornelius and Joel in the farm, and, in default of payment, that their shares be sold for that purpose, and in the meantime that they be restrained from selling or encumbering their interest in the farm; that the rights and interests of all the parties interested in the farm may be ascertained and declared and partition made accordingly, or if a division cannot be made without prejudice, &c., that the same may be sold, and the proceeds divided among the parties according to their equitable rights.

It was further stated in the complaint that an execution had been duly issued upon the judgment against Eleanor Ward and Chapman S. Ward for the deficiency upon the foreclosure sale, and that the same had been returned unsatisfied; that neither Eleanor Ward nor Chapman S. Ward had property subject to execution, but that they, or one of them, had property, debts and other equitable interests, things in action, claims, demands, or effects exceeding in value one hundred dollars, which ought to, and in equity and justice should be applied towards the satisfaction of the plaintiff's judgment.

The relief asked upon this branch of the complaint was, that the defendants Eleanor Ward and Chapman S. Ward might be enjoined, &c., from selling, &c., any debts, &c., and also from doing any act for the purpose of giving preference to any other creditor over the plaintiff; that they might be decreed to apply towards the satisfaction of the plaintiff's judgment, any money or property, real or personal, in law or equity, debts, choses in action, or equitable interests belonging to or held in trust for them, or either of them, or in which they were in any way beneficially interested; and that a receiver of all the property, &c., of the defendants Eleanor Ward and Chapman S. Ward, might

be appointed, according to the course and practice of the court, and with the usual powers of receivers in like cases.

The defendants jointly and severally demurred to the complaint, assigning for cause of demurrer, among other things, that several causes of action had been improperly united. The issue thus joined was tried at a special term in Schoharie in November, 1854, when an order was made overruling the demurrer, with leave to the defendants to answer the complaint upon payment of costs, &c. From this order the defendants appealed to the general term.

JAMES E. DEWEY, *for plaintiff.*
LYMAN TREMAIN, *for defendants.*

By the court—HARRIS, Justice. It is a general rule of pleading, both at the common law and in equity, that the declaration or complaint shall contain but a single cause of action. A violation of this rule, in a declaration at common law, is called *duplicity*—in equity, multifariousness. In either case, the objection is taken by demurrer. It is true, that in some cases at common law, several causes of action might be united in the same suit. Such cases form exceptions to the general rule: and even in such cases the causes of action must be stated in separate counts, so that, in effect, the plaintiff is but prosecuting several suits in one. The rule has not been changed by the Code. Under that system of pleading, it is still a general rule, that distinct and independent causes of action are not to be prosecuted in the same action. The exceptions to this rule are specified in the *seven* subdivisions of the 167th section. In respect to the causes of action there mentioned, it is declared, that they may be united in the same complaint. But, even in such cases, to authorize such union, *four conditions* must be met: The causes of action sought to be prosecuted together must all belong to one of the specified classes; all the causes of action must affect all the parties to the action; the causes of action to be joined must not require different places of trial; and, lastly, as in a declaration at common law, containing several causes of

Dewey agt. Ward and others.

action, they must be stated in separate counts. A complaint which contains several causes of action, without meeting all these conditions, is still demurrable, not, indeed, for *duplicity*, or *multifariousness*, but upon the ground that "*several causes of action have been improperly united.*"

In the case under consideration, the plaintiff states facts to show that he and the defendants Cornelius Ward and Joel Ward are the owners of the farm described in the complaint as tenants in common, and that the defendants Eleanor Ward and Chapman S. Ward have equitable liens upon some of the shares of the farm. He thus presents a case which entitles him, as he claims, to a partition of the farm, or, in case it cannot be divided, to a sale and a division of the proceeds, according to the equities of the parties as they shall be adjusted by the court. This is one cause of action.

He next presents himself as a judgment-creditor of two of the defendants, Eleanor Ward and Chapman S. Ward, alleging that, as they have no property liable to execution, but have equitable assets and effects, he is entitled to the judgment of the court, directing that such equitable effects shall be applied to the satisfaction of his debt. This constitutes another and a distinct cause of action. Both causes of action are of equitable jurisdiction. The one is what in equity would have been denominated, a bill for partition; the other, a creditor's bill. They are entirely distinct, and independent of each other. Each, if sustained, will entitle the plaintiff to its peculiar and appropriate relief. Either one may be sustained without the other. They are causes of action not specified in any of the seven classes of action mentioned in the 167th section of the Code. There is, therefore, no authority to unite them, and there being none, they are, of course, *improperly united.*

The order overruling the demurrer should be reversed, and an order entered allowing the demurrer, but with liberty to the plaintiff to amend his complaint within twenty days after notice of this decision, upon the payment of the costs of the demurrer to be taxed.